Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4370 | **DATE** | 7/15/2010 |
| **CASE TITLE** | United States ex rel. Terrence Willis (#K-74561) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to proceed *in forma pauperis* [#3] is denied. Petitioner is granted thirty days in which to: (1) pay the $5.00 filing fee and (2) submit an amended habeas petition (plus a judge's copy). The Clerk is directed to send Petitioner an amended habeas form and instructions. If Petitioner fails to comply with this order within thirty days, the Court will summarily dismiss this action. Petitioner is advised that he must provide the Court with the original and a judge's copy of every document filed.

■ **[For further details see text below.]**        **Docketing to mail notices.**

## STATEMENT

Terrence Willis, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner's motion for leave to proceed *in forma pauperis* is denied for lack of a sufficient showing of indigence. Petitioner's financial affidavit reveals that he has a current balance of $282.47 in his prison trust account. Because Petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See, e.g., Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999), *citing Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987). Petitioner is financially able to pay the $5.00 statutory filing fee for habeas corpus petitions and must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. If Petitioner does not pay the filing fee within thirty days, the Court will dismiss this case.

Petitioner must also submit an amended habeas petition. Because Petitioner has failed to use the Court's required form, *see* Local Rule 81.3 (N.D. Ill.), it is unclear which of Petitioner's two convictions he is challenging; furthermore, the procedural history of the underlying criminal proceedings is unclear. Petitioner may contest only one conviction per habeas action. He must file two separate cases if he wishes to seek federal review of two separate convictions.

**(CONTINUED)**

| STATEMENT (continued) |
|---|

In drafting his amended habeas petition, Petitioner should set forth, in plain English, the basic facts underlying his claims. Petitioner should not attempt to use "legalese," which will only serve to render the amended petition incomprehensible. Petitioner need not and should not attempt to write like a lawyer, nor need he make citations to cases or statutes at this time. Petitioner should simply fill out the information requested on the form, telling the Court, where asked, why he believes his conviction is invalid and what steps he has taken to overturn the conviction in question. Petitioner must provide the Court with the original and a complete judge's copy of the amended habeas petition. The Clerk will provide Petitioner with the necessary forms.

In sum, Petitioner, within thirty days of the date of this order, must: (1) pay the $5.00 statutory filing fee and (2) submit an amended habeas petition (plus a judge's copy). The Clerk will provide Petitioner with an *in forma pauperis* application, an amended habeas form, and instructions. If Petitioner fails to comply with this order within thirty days, the Court will summarily dismiss this action.